MEMORANDUM ***
Chief of the Murrieta Police Department Mark Wright (“Chief Wright”) and Captain Michael Payne (“Captain Payne”) appeal the district court’s denial of summary judgment. We affirm.
Although a district court’s denial of summary judgment based on qualified immunity is subject to interlocutory appeal as a collateral order, Moran v. Washington, 147 F.3d 839, 843 (9th Cir.1998) (citing Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)), the scope of appellate jurisdiction is limited to questions of law. Id. (citing Mitchell, 472 U.S. at 528 n. 9, 105 S.Ct. 2806) (“A public-official defendant may appeal the ‘purely legal’ issue ‘whether the facts alleged ... support a claim of clearly established law.’ ”). “[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court’s summary judgment order insofar as that order determines whether or not the pretrial record sets forth a ‘genuine’ issue of fact for trial.” Johnson v. Jones, 515 U.S. 304, 319-20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).
Chief Wright and Captain Payne argue that they were not directly responsible for the adverse employment actions suffered by Sergeant Robert Landwehr (“Landwehr”), allegedly on account of his constitutionally protected speech. The district court found that the extent of Chief Wright’s and Captain Payne’s involvement in any adverse employment decisions against Landwehr was a genuine issue of material fact. Under Jones, we do not have jurisdiction to review this finding. *684 Considering the facts as alleged by the plaintiff, Chief Wright and Captain Payne expi-essed disapproval of Landwehr’s protected speech and were involved in the decision to take an adverse employment action against him.
Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir.1999), which held that a municipality is only liable for an isolated constitutional violation if the final policymaker “ratified” a subordinate’s action and “the basis for it,” is distinguishable. Unlike in Christie, here it is alleged that the final policymakers had expressed disapproval of the protected conduct and were involved at least to some extent in the adverse action, so a reasonable factfinder could conclude that their approval of the adverse action was motivated by Landwehr’s constitutionally protected speech.
Accordingly, the district court’s denial of summary judgment is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.